UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS FRANCISCO LOPEZ,<br><br>           Petitioner,<br><br>     v.<br><br>ROSEMARY NDOH, Acting Warden,<br><br>           Respondent. | Case No.: 1:16-cv-00111-AWI-JLT<br><br>FINDINGS AND RECOMMENDATIONS TO GRANT RESPONDENT'S MOTION TO DISMISS (Doc. 12)<br><br>ORDER DIRECTING OBJECTIONS TO BE FILED WITHIN TWENTY-ONE DAYS |

Carlos Lopez challenges the failure to give him the benefit of a determination made in class action lawsuit in which, he claims, the California Department of Corrections and Rehabilitation failed to properly award custody credits. Mr. Lopez asserts that he is eligible under the class action lawsuit to greater custody credits than CDCR is giving him. Because Mr. Lopez has failed to allege any cognizable federal habeas claim, the Court will recommend respondent's motion to dismiss be **GRANTED**.

I.  **DISCUSSION**

  A.  Procedural Grounds for Motion to Dismiss

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases. The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if it attacks

the pleadings for failing to exhaust state remedies or for being in violation of the state's procedural rules. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982) (same). Thus, the Court uses Rule 4 standards to review motions to dismiss. See Hillery, 533 F. Supp. at 1194 & n. 12.

In this case, Respondent's Motion to Dismiss is based on Petitioner's failure to allege cognizable federal habeas claims. Because Respondent's Motion to Dismiss is similar in procedural standing to a Motion to Dismiss for failure to exhaust state remedies or for state procedural default and Respondent has not yet filed a formal Answer, the Court will review Respondent's Motion to Dismiss pursuant to its authority under Rule 4.

B. Failure to Raise Cognizable Habeas Claims

The motion to dismiss contends that Petitioner's claims fail to articulate federal habeas claims for which relief may be granted. The Court agrees.

As Respondent correctly notes, Petitioner alleges that the CDCR has not properly implemented or construed an order issued by the three-judge panel in the consolidated cases of Coleman v. Brown, case number 2:90-cv-00520-LKK-DAD, and Plata v. Brown, case number 3:01-cv-01351-THE ("Coleman/Plata), currently pending within the Eastern District of California. The gravamen of Petitioner's contention is that a February 10, 2014 order regarding credit-earning provisions should apply to inmates, like Petitioner, required to register as sex offenders under California Penal Code § 290. (Doc. 1). Petitioner argues that the Court's failure to apply this provision to registered sex offenders such as himself violates his federal constitutional rights to due process and equal protection.

As background, the Coleman class action concerns the constitutional adequacy of the mental health care provided to CDCR inmates; the class consists of "all inmates with serious mental disorders who are now, or who will in the future be, confined with the [CDCR]." (Class Cert. Order, Nov. 14, 1991, 4–5, No. 90–0520 LKK–JFM (E.D.Cal.).) The Plata class action concerns the constitutional adequacy of CDCR's inmate medical health care; the class consists of "all prisoners in the custody of

the [CDCR] with serious medical needs." (Stip. for Inj. Relief 5, No. 24, No. 01–cv–01351 THE (N.D.Cal.).)

The three-judge panel presiding over these class actions has issued various orders related to prison overcrowding and has required the State of California to undertake prison population reduction measures. Petitioner does not allege that he is actually a member of either the Plata or Coleman classes; rather, Petitioner argues that, as a "non-violent second-striker," he is "similarly situated" to those class members covered by the February 10, 2014 order. (Doc. 1, p. 8). That order provided, inter alia, an extension until February 28, 2016 for the deadline imposed in an earlier order that California reduce its prison population to 137.5% design capacity; noted some of the measures California will take to reach that goal by February 28, 2016; and directed California to implement certain of those measures immediately, including steps involving the parole process, expansion of pilot reentry programs, and, of particular importance in this case, increasing *good time credits* prospectively for certain categories of inmates.

Turning to Petitioner's claim, Respondent contends that the claim is non-cognizable in these proceedings because Petitioner's claim is premised upon a federal court order, not, as required by federal habeas law, on an established constitutional right or law. The Court agrees.

The basic scope of habeas corpus is prescribed by statute. Subsection (c) of Section 2241 of Title 28 of the United States Code provides that habeas corpus shall not extend to a prisoner unless he is "in custody in violation of the Constitution." 28 U.S.C. § 2254(a) states that the federal courts shall entertain a petition for writ of habeas corpus only on the ground that the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States. See also, Rule 1 to the Rules Governing Section 2254 Cases in the United States District Court. The U.S. Supreme Court has held that "the essence of habeas corpus is an attack by a person in custody upon the legality of that custody . . ." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973).

It is well-settled in this Court that the remedial orders issued in Plata or Coleman do *not* provide a civil rights plaintiff with an independent cause of action under § 1983 because the orders do not have the effect of creating or expanding a plaintiff's constitutional rights. Coleman v. CDCR, 2011 WL 2619569, at *4 (E.D.Cal. July 1, 2011), citing Cagle v. Sutherland, 334 F.3d 980, 986–87 (9th

3

Cir.2003) (consent decrees often go beyond constitutional minimum requirements, and do not create or expand rights); see also Green v. McKaskle, 788 F.2d 1116, 1123 (5th Cir.1986) (remedial decrees remedy constitutional violations but do not create or enlarge constitutional rights and cannot serve as a substantive basis for damages). See, e.g., Coston v. Clark, 2014 WL 654547, at *4 (E.D. Cal. Feb. 19, 2014); Divincenzo v. Young, 2014 WL 172536, at *5 (E.D. Cal. Jan. 15, 2014); Castaneda v. Foston, 2013 WL 4816216, at *5 (E.D. Cal. Sept. 6, 2013); Consiglio v. California Bd. of Parole Hearings, 2013 WL 2303242, at *1 (E.D. Cal. May 24, 2013); Johnson v. CDCR, 2010 WL 2232368, at *3 (E.D. Cal. June 3, 2010); Soto v. Bd. of Prison Term, 2007 WL 2947573, at *2 (E.D. Cal. Oct. 9, 2007). By the same reasoning, a habeas petitioner's constitutional rights are not expanded by Plata and Coleman. In short, Plata and Coleman do not provide an independent constitutional platform upon which Petitioner may premise a cognizable federal habeas claim.

Petitioner's claim fails for yet another reason. Even if Petitioner were a class member, an individual class litigant generally may not proceed with an individual claim for injunctive relief separate and apart from the class that seeks to enforce orders issued within the class action, unless the claim is unique and specific to his needs and/or the circumstances of his incarceration. Pride v. Correa, 719 F.3d 1130, 1133–34 (9th Cir.2013); Crawford v. Bell, 599 F.2d 890, 893 (9th Cir.1979) (affirming dismissal of individual plaintiff's action where plaintiff was a member of a pending class action raising the same claims and seeking the same equitable relief); see also Frost v. Symington, 197 F.3d 348, 359 (9th Cir.1999) (finding that the prisoner/class member plaintiff would have to bring his claims for contempt of court through the class action's counsel); McNeil v. Guthrie, 945 F.2d 1163, 1165 (10th Cir.1991) ("Individual suits for injunctive and equitable relief from alleged unconstitutional prison conditions cannot be brought where there is an existing class action.").

A plaintiff, however, may pursue equitable relief that goes beyond that which is covered by the class action. See Crawford, 599 F.2d at 893 (reversing district court's dismissal of plaintiff's claims for relief that were not included in a class action challenging overcrowding); accord McNeil, 945 F.2d at 1166 n. 4 ("class members may bring individual actions for equitable relief when their claims are not being litigated within the boundaries of the class action").

When reviewing claims for equitable relief brought by prisoners who are members of the

Coleman and Plata classes, a number of district courts have concluded that an individual class member may proceed with a separate action for equitable or injunctive relief if he seeks relief that is specific to his medical needs and the circumstances of his incarceration, rather than the broad, systemic relief targeted by those actions. See, e.g., Burnett v. Dugan, 618 F.Supp.2d 1232, 1236–37 (S.D.Cal.2009) (granting preliminary injunction requiring defendants to adhere to chronos for plaintiff's medically-indicated housing needs because he was not seeking "relief on behalf of all the other inmates in the CDCR," nor "broad based reform of the CDCR's medical practices which is the subject of the Plata litigation," but, rather, relief that was "quite narrow and specific" to him); Moore v. McDonald, 2011 WL 3684608, *4 (E.D.Cal., Aug.23, 2011) (denying defendants' motion to dismiss under Plata and allowing plaintiff to proceed with "discrete, individualized claims for equitable relief" pertaining to his receipt of insulin and a special diet for his diabetes); Rincon v. Cate, 2010 WL 5863894, *4 (S.D.Cal., Nov.15, 2010) (authorizing plaintiff to "maintain a separate suit arising from his discrete medical condition"); Neumann v. Veal, 2008 WL 2705549, *2–3 (E.D.Cal., July 10, 2008) (finding plaintiff's claims for injunctive relief regarding inadequate mental health care "appear to be unique to him" and allowing him to proceed individually on those claims because Coleman does not adequately protect his rights); Tillis v. Lamarque, 2006 WL 644876, *9 (N.D.Cal., March 9, 2006) (finding plaintiff's request for transfer to another institution for appropriate medical treatment not barred by Plata because "[p]laintiff is seeking relief solely on his own behalf ....").

      Petitioner seeks what is, in essence, injunctive relief with respect to being excluded from earning certain credits because of his status as a registered sex offender and as a non-violent second-striker. Petitioner is therefore arguing on behalf, not merely of himself and his unique situation, but for all similarly situated inmates, i.e., non-violent second-strikers who may be required to register as sex offenders under Penal § Code 290. As such, Petitioner's claim does not seek specific, individualized relief from Petitioner's unique situation, but rather is a claim seeking broad reform and implicating the policies, procedures, and practices put in place by the Plata and Coleman cases. Accordingly, to the extent that Petitioner is alleging he is a Plata or Coleman class member, or that he is entitled to the same rights and privileges as class members because he is "similarly situated," Petitioner is barred from pursuing an independent action based upon orders issued in those cases.

Finally, even if this Court were empowered to hear the Petition on its merits, the Court would still deny the petition. A review of the court docket in Coleman/Plata does not support Petitioner's allegation that he is entitled to receive a sentence reduction or an award of additional credits, much less federal habeas relief that is essentially injunctive in nature, i.e., directing Respondents to modify Petitioner' sentence to receive greater credit-earning than is presently being awarded to him. To the contrary, as Respondent correctly points out, the parties in the class action have expressly stipulated that the plaintiffs would drop the claim that the credit-earning provisions of the court's February 10, 2014 order would apply to inmates required to register as sex offenders under Pen. Code § 290. (Case no. 2:90-cv-0520-LKK-DAD, Doc. 5254). On December 14, 2014, the parties stipulated to the three-judge panel that plaintiffs "withdraw their demand that CDCR expand 33.3% credit earnings to all non-violent second strike offenders, including those who have to register under Penal Code section 290." (Id., p. 2). It is difficult to conceive how CDCR, or the California courts for that matter, could interpret the language in that stipulation in any other way than that Petitioner, as a registered sex offender under § 290, is not entitled to the credits he claims he should now be awarded. Thus, even if Petitioner were entitled to bring a collateral suit separate and apart from the class action, such a claim would have no merit.

## **RECOMMENDATION**

Accordingly, the Court **RECOMMENDS** that the motion to dismiss (Doc. 12), be **GRANTED** and the habeas corpus petition be **DISMISSED** for failure to articulate cognizable federal habeas claims.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. **Within 21 days** after being served with a copy of this Findings and Recommendation, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the Objections shall be served and filed within 10 days (plus three days if served by mail) after service of the Objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The

parties are advised that failure to file objections within the specified time may waive the right to appeal the Order of the District Court.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:  **June 21, 2016**                              /s/ Jennifer L. Thurston
                                                                        UNITED STATES MAGISTRATE JUDGE